NO. 07-11-0029-CR

NO. 07-11-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 13, 2011

_____

HUDSON LEE PHARRIES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NOS. CR22,778 & CR22,781; HONORABLE ED MAGRE, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Hudson Lee Pharries (appellant) appeals his convictions for aggravated sexual assault of a child and indecency with a child by contact. Appellant plead guilty to both indictments without an agreement as to punishment. His court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no reversible error.

However, on July 20, 2011, we abated the cause back to the trial court in order that the record may be supplemented with appellant's evaluation on his competency to stand trial and for counsel to have opportunity to review same. The record was supplemented with the evaluation and counsel, again, filed a motion to withdraw and an *Anders* brief wherein he certifies he has reviewed the record including the report evaluating appellant's competence to stand trial. Counsel has also attached a copy of a letter sent to appellant informing him of counsel's belief and of appellant's right to file his own brief or response pro se. In a letter dated September 1, 2011, we too advised appellant that he may file a pro se response no later than October 3, 2011. Appellant filed a response along with a "Motion for Subpoena and Evident[i]ary Hearing for Psychiatric Evaluation."[1]

In compliance with the principles of *Anders*, appellate counsel discussed two potential areas for appeal. They involved 1) appellant's competency to stand trial and 2) the voluntariness of his plea. Counsel then explained why each argument lacked merit.

We also conducted our own review of the record and appellant's response to assess the accuracy of counsel's conclusions and to uncover any error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). That review failed to reveal any reversible error.

---

[1]In his motion, appellant requests this court subpoena records from a psychologist from "Social Security" who allegedly evaluated him and found him "mentally disable[d]." Furthermore, in his pro se response, appellant contends trial counsel was ineffective for failing to investigate and present further evidence regarding his competency to stand trial. However, the record contains a report prepared by Dr. Frank A. Pugliese, a psychologist, stating that appellant was mentally competent to stand trial and there is no evidence of record to the contrary.

Accordingly, counsel's motion to withdraw is granted, appellant's motion is denied and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.